51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary HOBSON; Edward F. Wills; Kenneth Lee Krause,
Plaintiffs-Appellants,
v.
George SUMNER, et al., Defendant-Appellee.
 No. 93-17230.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs Gary Hobson, Edward Wills, and Kenneth Krause appeal pro se the district court's summary judgment against them on their civil RICO claims, 18 U.S.C. Sec. 1961 et seq. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * We review de novo a grant of summary judgment, viewing the evidence in the light most favorable to the party against whom it was granted. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 Plaintiffs are attempting to recover under 18 U.S.C. Sec. 1964(c) for injuries they allegedly suffered as a result of defendants' purported violations of 18 U.S.C. Sec. 1962(c), (d). They allege that defendants, various prison officials, were engaged in a conspiracy to overreport the cost of goods purchased for the Ely State Prison canteen, underreport the price of goods sold at the Ely State Prison, and embezzle the difference.
 
 
 5
 Plaintiffs must establish that they have standing to sue under Sec. 1964(c) by showing that they were injured in their "business or property" by reason of a violation of RICO. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc); 18 U.S.C. Sec. 1964(c). Furthermore, they must establish the underlying substantive violations. To establish a violation of Sec. 1962(c), plaintiffs must show the conduct of an enterprise through a pattern of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); Jarvis v. Regan, 833 F.2d 149, 151-52 (9th Cir.1987). To establish a violation of Sec. 1962(d) in this case, they must establish the existence of a conspiracy to violate Sec. 1962(c). See 19 U.S.C. Sec. 1962(d).
 
 
 6
 We agree with the district court's conclusion that plaintiff's evidence, such as it is, is manifestly inadequate to establish the essential elements of their claims. Proof of a "pattern of racketeering activity" requires proof of two or more predicate acts of racketeering, acts which must be related and not isolated or sporadic. Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 192 (9th Cir.1987). Because embezzlement does not constitute racketeering activity as defined by 18 U.S.C. Sec. 1961(1), the only activities plaintiffs even attempt to show that fall within Sec. 1961(1) are mail fraud (18 U.S.C. Sec. 1341) and interstate transportation of stolen property (18 U.S.C. Secs. 2314, 2315).
 
 
 7
 Plaintiffs have introduced no evidence which could establish that any of the defendants committed or conspired to commit either of these crimes. To show mail fraud, plaintiffs must establish that (1) the prison officials devised a scheme to defraud, (2) they used the mails in furtherance of the scheme, and (3) they did so with the specific intent to deceive or defraud. Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir.1986). The only alleged act of mail fraud involved the opening of a piece of mail from the Internal Revenue Service to plaintiff Hobson. Plaintiffs have introduced no evidence that would tend to establish any of the three requisite elements with regard to this occurrence. Nor have plaintiffs introduced any evidence of the interstate transportation of goods stolen, converted, or taken by fraud. See 18 U.S.C. Secs. 2314, 2315. Plaintiffs' evidence of an embezzlement conspiracy consists solely of their own declarations regarding mark-ups of store goods.
 
 
 8
 Because plaintiffs have completely failed to introduce any evidence sufficient to establish a pattern of racketeering activity or a conspiracy to commit racketeering activities, the district court properly granted summary judgment.
 
 II
 
 9
 On appeal, plaintiffs also attempt to challenge several orders and rulings of the district court not explicitly mentioned in their notice of appeal. Defendant prison officials contend we lack jurisdiction over these claims. See Fed.R.App.P. 3(c). We disagree. We have previously interpreted Rule 3(c) to confer jurisdiction over orders not mentioned in a notice of appeal so long as the other party had notice of the issue on appeal and an opportunity to fully brief it. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1423 (9th Cir.1989). Here, defendants had each.
 
 
 10
 We see no merit in any of plaintiffs' other challenges to the district courts' actions.
 
 
 11
 Plaintiffs challenge the district court's striking of their ex parte motion seeking assistance in investigating their claims for failure to serve the defendants. Any error was harmless, because plaintiffs' motion was subsequently refiled and considered on the merits.
 
 
 12
 Plaintiffs challenge the district court's refusal to allow joinder of additional inmate-plaintiffs. Plaintiffs' motion was denied without prejudice to renew should the district court deny the pending motion for summary judgment. The granting of summary judgment mooted the motion.
 
 
 13
 Plaintiffs challenge the district court's granting of a Fed.R.Civ.P. 26(c) protective order sought by defendants without waiting 15 days for a response from plaintiffs. See Nev.Local Rule 140-4. Nevada's Local Rules authorize waiver of local rules if the interests of justice so require. Nev.Local Rule 100-5. We cannot say that the district court's decision to do so here was prejudicial or erroneous.
 
 
 14
 Finally, plaintiffs claim they should have been permitted oral argument on defendants' summary judgment motion, as required by Nevada Local Rule 140-9. This constitutes reversible error only if the violation was prejudicial. Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Devel. Corp., 933 F.2d 724, 728 (9th Cir.1991). Plaintiffs had an adequate opportunity to present their case. In light of the frivolousness of their claims, no prejudice occurred.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3